UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

           and

DANIEL FAKHOURY, MURAD QAQISH
FARIDA KAHN and LAILA FAKHOURY,            04 Civ. 2472 (GAY)

           Plaintiffs,

      -against-

QUICK QUALITY RESTAURANTS, INC.,
CANDU MANAGEMENT, INC., DAVID SUTZ,
and MARGARET CANNIFF,

           Defendants.

------------------------------------------------------------------x

## DECISION AND ORDER

I. <u>Procedural History</u>

   Plaintiffs commenced this action pursuant to Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq.* And New York Human Rights Law, N.Y. Executive Law §

296, on the ground that defendants terminated the individual plaintiffs' employment

because of their national origin.  This Court conducted jury selection on September 19,

2004 and the trial began on that date.  The jury subsequently returned a verdict in favor

of all defendants.  The Court entered judgment closing the case in accordance with the

jury verdict.  Plaintiff EEOC then timely filed a motion for a new trial pursuant to Fed. R.

Civ. P. 59 and for judgment as a matter of law pursuant to Fed. R. Civ. P. 50.  On

November 28, 2005, the Court issued a Memorandum Decision and Order denying

plaintiff EEOC's motion for a new trial and judgment as a matter of law.

Defendants filed the instant motion for attorneys fees on December 5, 2005. EEOC contends that the motion for attorneys fees is untimely and, in any event, not justified.

II. <u>Discussion</u>

A. <u>The Timeliness of Defendants' Fee Application</u>

The EEOC contends that the motion for attorneys fees must be denied because of untimely filing. Defendants assert that the motion was timely filed due to the filing of the motion by EEOC pursuant to Fed. R. Civ. P. 50 and 59.

Fed. R. Civ. P. 54(d)(2)(B) provides that a party seeking an award of attorneys fees generally must file and serve a motion no later than fourteen (14) days after entry of judgment. However, the Second Circuit has clearly ruled that a motion for attorneys fees under said Rule 54 "...is timely if filed no later than 14 days after the resolution of such a Rule 50(b), 52(b), or 59 motion." <u>Weyant v. Okst</u>, 198 F.3d 311, 315 (2d Cir. 1999).

Here, this Court entered judgment in accordance with the jury verdict of no liability as to all defendants on October 12, 2005. The EEOC filed its post-verdict motions on October 11, 2005, the day prior to judgment being entered. The Court entered the Order denying the Rule 50 and 59 motions on November 28, 2005. Thus, defendants had fourteen days from November 28, 2005 to file their motion for attorneys fees. The filing of the attorneys fees motion on December 5, 2005 was well within said fourteen day period. Accordingly, the motion was timely and will be considered by the Court.

B. <u>The Merits of Defendants' Fee Application</u>

Defendants seek attorneys fees in the amount of $213, 287.00 as prevailing

defendants in this action pursuant to Title VII of the Civil Rights Act of 1964.

Defendants contend that the case was frivolous, groundless, and unreasonable.

The EEOC asserts that it had a reasonable basis for bringing this action.

Prevailing defendants are not awarded attorneys fees as a matter of course.

Attorneys fees may be awarded to a prevailing defendant in a Title VII cases only upon

a finding that plaintiff's action was "frivolous, unreasonable, or groundless, or that the

plaintiff continued to litigate after it clearly became so." Christianburg Garment CO. V.

Equal Employment Opportunity Commission, 434 U.S. 412, 422, 98 S.Ct. 694, 701.

(1978). The Supreme Court cautioned in Christianburg that "it is important that a district

court resist the understandable temptation to engage in *post hoc* reasoning by

concluding that, because a plaintiff did not ultimately prevail, his action must have been

unreasonable or without foundation." Id. At 421-22, 98 S.Ct. 700. "Generally, where

evidence is introduced that, if credited, would suffice to support a judgment" in favor of

the plaintiff a fee award to the defendant is "unjustified." American Federation of State,

County & Municipal Employees, AFL-CIO v. County of Nassau, 96 F.3d 644, 652 (2d

Cir. 1996), cert. denied, 520 U.S. (1997). "[A] claim is not necessarily frivolous

because a witness is disbelieved or an item of evidence is discounted, disproved or

disregarded at trial." Id.

Here, the Court finds that there was evidence introduced at trial by EEOC that, if

credited by the jury,  would support the claim of employment discrimination against the

defendants. It was undisputed that after the events of September 11, 2001 defendant

David Sutz directed  that employees should not speak Arabic in the Fishkill restaurant.

Defendants argued that said statement by Sutz is not evidence of a discriminatory

3

motivation toward the Arab employees, but was for the safety of the workers who had expressed concerns after the events of September 11th.  EEOC argued that the direction not to speak Arabic evidenced a discriminatory animus by the defendants. Several of the individual plaintiffs also testified at trial that defendant Sutz stated that plaintiff Daniel Fakhoury was a "fucking" Arab prior to terminating him and other plaintiffs.  Defendant Sutz denied making said statement at trial.  Sutz also denied at trial that he terminated anyone other than Daniel Fakhoury.  Moreover, two other employees at the Fishkill restaurant, who are not parties in this case, supported Sutz's version of what occurred.  Defendants also point out that although two of the individual plaintiffs, Laila Fakhoury and Farida Khan, both testified at trial that Sutz yelled said discriminatory profanities at Fakhoury, they failed to note the same in their original charges of discrimination.  Defendants contend that said testimony by the plaintiffs was a fabrication.

To be sure, the plaintiffs' evidence of employment discrimination was seriously impeached and contradicted by evidence brought out by the defendants.  However, the evidence introduced by plaintiffs, including  the directive not to speak Arabic, the mass terminations, and discriminatory profanities, if credited, would be "...sufficient to support a judgment" in favor of the plaintiff.  Id     The fact that the jury may have disbelieved the witnesses or discounted the evidence does not make the employment discrimination claim frivolous within the meaning of Title VII.  Id.  The jury was entitled to accept or reject the testimony of any witness in whole or in part.

In sum, it has not been shown that the plaintiffs' action was frivolous, unreasonable, or groundless.  As such, the motion of the prevailing defendants for attorneys fee must

be denied.

## CONCLUSION

Plaintiffs' action was not frivolous, unreasonable, or groundless; nor did plaintiff continue to litigate after it clearly became so. Accordingly, the motion by defendants for attorneys fee as prevailing parties is denied.

SO ORDERED:

Dated: February 16, 2006
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.